[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 105)
The motion to strike before the court attacks a somewhat unusual cause of action asserted by an intervening plaintiff The arguments underlying the motion to strike are forceful, but because those arguments depend in part on a document outside the pleadings the decision on the merits should more appropriately be given in the context of a motion for summary judgment.
The first party plaintiff, Holly Wasilewski ("Wasilewski"), commenced this personal injury action against the defendant, Xin Gao, in July 1998. The action claims damages for injuries that Wasilewski allegedly suffered in a, No. 1996 motor vehicle accident. At the time of the accident, Wasilewski was employed by the intervening plaintiff, the City of New Haven (the "City"). On September 10. 1998, the City filed a motion to intervene and file an intervening complaint. That motion was granted by the court (Devlin, J.) on September 30, 1998. The intervening complaint consists of two counts. The first count, which is not in question here, seeks recovery and apportionment of damages pursuant to Conn. Gen. Stat. § 31-293. The second count is the sole focus of the motion to strike. That count, which incorporates the factual assertions of the first count, makes the following claim:
The intervening plaintiff was the employer of the plaintiff in this action at the time and place of the CT Page 2413 accident and as such employer, the intervening plaintiff was obligated to pay differential pay benefits to make up the difference between the normal amount of weekly pay and worker's compensation benefits and may in the future be obligated to pay differential pay benefits pursuant to the New Haven Police Union Contract, Local 530, and Council 15, AFSCME, AFL, CIO, Article 6, Section 2(b), to the plaintiff for time lost due to injuries which arose out of the
On January 7, 1999, Wasilewski filed the motion to strike now before the court. As mentioned, the motion attacks only the second count. The motion was heard on February 8, 1999. Supplemental briefs were filed on February 22, 1999. For the reasons briefly explained below, the motion must be denied.
Wasilewski's argument primarily rests or. Gurliacci v. Mayer,218 Conn. 531, 590 A.2d 914 (1991); Gurliacci, like this case, involved a personal injury action brought by a municipal employee. The municipality (in that case, the City of Stamford) intervened and sought to recover from the jury award two thirds of the amount that it had paid to the plaintiff as salary following her injury, asserting that such percentage represented workers' compensation benefits. The trial court held that Stamford was not entitled to the reimbursement it sought because the payments to the plaintiff had been made pursuant to a collective bargaining agreement. The Supreme Court reversed, holding that the trial court's interpretation of the contract "properly should have been informed by reference to the Workers' Compensation Act." Id. at 567. The Court held that "two thirds of the plaintiff's payments represented workers' compensation benefits." Id. at 568. The Court further indicated the amounts in excess of this sum were not workers' compensation but the fruits of a private agreement. Id.
Wasilewski reasons from Gurliacci that the amounts sought by the City in the second count at issue here are the fruits of a private agreement and are not recoverable by the City. This argument is a forceful one. The problem is that the issue here does not arise in the same procedural context as the assertedly comparable issue in Gurliacci. The issue in Gurliacci arose after trial, and the trial court, like the Supreme Court, had the collective bargaining agreement in question before it. The issue here arises on a motion to strike, and while the second count asserts a right supposedly arising out of a collective bargaining agreement, the agreement itself is not set forth in the CT Page 2414 pleadings. Wasilewski may well be correct in the conclusions that she draws from Gurliacci, but Gurliacci ultimately construes a contract, and the contract here cannot be construed, at least not yet. Under these circumstances, the issue presented is more appropriately addressed in a motion for summary judgment.
At argument, Wasilewski additionally argued that the second count is additionally precluded by Conn. Gen. Stat. §52-225c, which prohibits the recovery of collateral source benefits, as that term is defined in Conn. Gen. Stat. §52-225b. It is not clear from the wording of the second count, however, that the amounts sought by that count are indeed collateral sour benefits. This issue, too, must await the submission of actual evidence.
The motion to strike is denied.
Jon C. Blue Judge of the Superior Court